<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VI</td></tr>
</table>

| GÓMEZ HOLDINGS, INC.<br><br>Recurrido<br><br>v.<br><br>ADVANCED COMPUTER TECHNOLOGY, INC.<br><br>Recurrido<br><br>HARRY ANDUZE MONTAÑO, D/B/A BUFETE HARRY ANDUZE MONTAÑO<br><br>Parte Interventora – Peticionario | KLCE202400933 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: K AC2009-1257<br><br>Sobre: Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Jueza Ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, a 17 de septiembre de 2024.

Comparece la parte peticionaria, Harry Anduze Montaño d/b/a Bufete Harry Anduze Montaño, mediante el presente recurso y nos solicita que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan el 21 de junio de 2024, notificada el 24 del mismo mes y año. Mediante dicho dictamen, el foro primario declaró Ha Lugar la *Solicitud Urgente para que se Ordene el Pago a la Parte Interventora de lo que se le Adeuda Conforme a la Orden de Embargo y el Mandamiento Diligenciado*, ordenando el pago solicitado luego de satisfacer lo adeudado a Gómez Holdings, Inc.

Por los fundamentos que expondremos a continuación, se deja sin efecto la paralización de los procedimientos y se deniega la expedición del auto solicitado. Veamos.

**I**

El 16 de marzo de 2023, Harry Anduze Montaño d/b/a Bufete Harry Anduze Montaño (Anduze Montaño) presentó una *Demanda* en cobro de dinero e incumplimiento de contrato contra Investigación y Programas, S.A. (IPSA).[1] En esencia, Anduze Montaño alegó que, el 22 de febrero de 2010, otorgó un contrato de servicios profesionales con IPSA y, desde entonces, rindió servicios legales hasta el 30 de septiembre de 2021. Arguyó que, acorde con las facturas remitidas a IPSA, esta le adeudaba la cantidad de $108,189.43 más $30,000.00 por concepto de intereses legales, costas y honorarios de abogado.

Luego de varios incidentes procesales, el 17 octubre de 2023, el Tribunal de Primera Instancia emitió una *Sentencia en Rebeldía*,[2] declarando Ha Lugar la *Demanda.*

Posteriormente, el 12 de enero de 2024 Anduze Montaño instó una *Solicitud de Ejecución de Sentencia.*[3] Atendida la solicitud, el 1 de marzo de 2024, el foro primario emitió una *Orden en Ejecución de Sentencia*[4] a favor de Anduze Montaño, ordenando el embargo sin fianza de cualquier bien o bienes, cuentas bancarias, efectivo, valores, comisiones o cualquier otro activo de IPSA en posesión de terceros, en cualquier entidad bancaria.

El mismo día, el foro *a quo* emitió un *Mandamiento de Embargo de Bienes en Ejecución de Sentencia*, el cual fue diligenciado por el Alguacil el 13 de marzo de 2024.[5] Mediante este, se embargó el dinero depositado en la cuenta del Alguacil en el Caso Núm. KAC2009-1257, por la cantidad de $163,942.80.

---

[1] Entrada Núm. 1 del Caso Núm. SJ2023CV02381 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Apéndice del recurso, pág. 9.
[3] Entrada Núm. 16 del Caso Núm. SJ2023CV02381 en el SUMAC.
[4] Apéndice del recurso, págs. 4 y 5.
[5] Íd., pág. 6-8.

Por su parte, el 5 de junio de 2024, Anduze Montaño presentó una *Solicitud Urgente para que se Ordene el Pago a la Parte Interventora de lo que se le Adeuda Conforme a la Orden de Embargo y el Mandamiento Diligenciado desde el 13 de marzo de 2024* en el Caso Núm. KAC2009-1257.[6] Así las cosas, el 21 de junio de 2024, el foro *a quo* emitió una *Orden*[7] donde autorizó el pago solicitado por Anduze Montaño en el Caso Núm. SJ2023CV02381, luego de que se le satisfaga lo adeudado a Gómez Holdings, según dictaminado en otra *Orden* emitida en igual fecha.[8]

En desacuerdo, Anduze Montaño presentó una *Moción en Solicitud de Reconsideración*.[9] Mediante *Orden* del 6 de agosto de 2024, el foro primario la declaró No Ha Lugar.[10]

Aún inconforme, la parte peticionaria acudió ante esta Curia mediante el presente recurso de *Certiorari* y señaló el siguiente error:

> ERRÓ LA UNIDAD DE CUENTAS AL INCUMPLIR LA "ORDEN Y MANDAMIENTOS PRIORITARIOS" Y ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RECONOCER LA PRIORIDAD DE DICHA "ORDEN Y MANDAMIENTOS PRIORITARIOS" DEBIDAMENTE DILIGENCIADOS.

Junto a este recurso se acompañó una *Moción en Auxilio de Jurisdicción,* la cual declaramos Ha Lugar mediante *Resolución* emitida el 28 de agosto de 2024.

Por su parte, Gómez Holdings presentó su *Moción en Cumplimiento de Orden* el 5 de septiembre de 2024.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

---

[6] Cabe mencionar que no surge del expediente presentado ante nos la *Solicitud Urgente para que se Ordene el Pago a la Parte Interventora de lo que se le Adeuda Conforme a la Orden de Embargo y el Mandamiento Diligenciado desde el 13 de marzo de 2024.*
[7] Apéndice 29 de la *Moción en Cumplimiento de Orden,* pág. 197.
[8] Íd., págs. 195-196.
[9] Íd., págs. 14-16.
[10] Íd., pág. 18.

**II**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo

intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso antes nos.

**III**

Como único señalamiento de error, la parte peticionaria sostiene que el Tribunal de Primera Instancia incidió al no reconocer la prioridad de la orden y mandamiento en cuestión. En particular, alega que la orden de la parte recurrida es posterior a la orden de embargo y diligenciamiento en ejecución de la parte peticionaria.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre los planteamientos que la parte peticionaria propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al autorizar el pago solicitado

por la parte peticionaria en el Caso Núm. SJ2023CV02381, luego de que se le satisfaga lo adeudado a Gómez Holdings, ello a fin de que podamos soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Al evaluar los documentos que obran en autos, concluimos que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por los fundamentos que anteceden, dejamos sin efecto la paralización de los procedimientos y denegamos la expedición del recurso de *certiorari* solicitado.

Devolvemos el caso al foro primario para la continuación de los procedimientos, conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones